IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | **C O M P L A I N T** |
| ADECCO USA, INC., ) ) | JURY TRIAL DEMAND |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Charging Party Veronica Jalpa and other similarly situated individuals who were adversely affected by such practices. As alleged with greater particularity in paragraphs 7(a) to (l) below, the Commission alleges that Ms. Jalpa and other employees worked at Pittsburgh Plastics Manufacturing, Inc. ("PPM") on assignment from Defendant Adecco USA, Inc. ("Defendant Employer"), a staffing agency. Ms. Jalpa and others complained to Defendant Employer about the hostile work environment at PPM and Defendant Employer failed to take prompt or effective actions upon receipt of this notice. In addition, the Commission alleges that Defendant Employer was complicit in PPM's retaliation against Ms. Jalpa when it discharged her for pretextual reasons after she had complained about harassment. As a result of the

1

sexual harassment and retaliation, Ms. Jalpa and other employees have suffered mental and emotional distress, and have lost earnings.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Adecco USA, Inc., has continuously been a Delaware corporation doing business in the State of Pennsylvania and the City of Butler, and has continuously had at least 15 employees.

2

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ms. Jalpa filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March, 2007, Defendant Employer engaged in unlawful employment practices in violation of 703(a)(1) and 704(a) of Title VII, 42 U.S.C.§ 2000e-2(a)(1) and § 2000e-3(a). These unlawful practices include, but are not limited to, the following:

a. Defendant Employer operates a nationwide employee staffing business and employs over 500,000 people.

b. Commencing on or about October 1, 2007, and continuing through December 30, 2008, Defendant Employer tolerated and condoned a work environment at PPM that was hostile to Ms. Jalpa and other female employees.

c. The sexually hostile work environment was created by the words and actions of PPM supervisor Eric Velasquez. Ms. Jalpa and others were subjected to a hostile work environment which consisted of comments that were demeaning, sexually offensive, rude and derogatory, based on their gender. Mr. Velasquez also engaged in gross and obscene conduct, including but not limited to intentionally rubbing his crotch against female employees while they were working, slapping them on the buttocks,

3

hugging, and standing too close.

d. Ms. Jalpa and others objected to Velasquez's language and actions; they informed him that the conduct was offensive and unwelcome. They complained to PPM management about the illegal conduct.

e. Ms. Jalpa and at least one other female employee complained about the hostile environment to Defendant Employer, which had placed them at PPM's work site.

f. Defendant Employer's staff had notice of the hostile work environment, but failed to take timely or appropriate action in response thereto.

g. Shortly after Ms. Jalpa complained to Defendant Employer, for the second time, and requested that she be transferred to a different shift to avoid working with him, she was subjected to a retaliatory discharge for pretextual reasons.

h. Tonya Claypool, an Adecco employee assigned to work at PPM, was also subjected to the sexually hostile work environment created by the above-described behavior of PPM supervisor Eric Velasquez.

i. Ms. Claypool repeatedly complained to Defendant Employer of the sexually hostile work environment, and her complaints were ignored.

j. Defendant constructively discharged Ms. Claypool because of the unendurable work environment.

k. PPM continued to permit Velasquez to work as a supervisor until December, 2008. Defendant Employer continued to assign women to work at PPM under Velasquez's supervision.

4

7. Ms. Jalpa and other female employees were negatively impacted by the hostile work environment.

8. The effect of the practices complained of in paragraph 7(a) through (l) above has been to deprive employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

9. The unlawful employment practices complained of in paragraph 7(a) through (l) above were intentional.

10. The unlawful employment practices complained of in paragraph 7(a) through (l) above were done with malice or with reckless indifference to the federally protected rights of Ms. Jalpa and the female employees.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in the creation of a sexually hostile environment.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation against any individual who opposes any practice made an unlawful employment practice by this subchapter, or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing regarding any matter prohibited by Title VII.

C.  Order Defendant Employer to make whole Ms. Jalpa and other employees, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Ms. Jalpa and other female employees.

D.  Order Defendant Employer to make whole Ms. Jalpa and other female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7(a) through (l) above, including relocation expenses, job search expenses, medical expenses and other expenses incurred by Ms. Jalpa and other female employees, which were reasonably incurred as a result of Defendant's conduct, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Ms. Jalpa and other female employees, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a) through (l) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Ms. Jalpa and other female employees punitive damages for its malicious and reckless conduct described in paragraph 7(a) through (l) above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

For: EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

DEBRA M. LAWRENCE
ACTING REGIONAL ATTORNEY

M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
PA. I.D. NO. 42738
Pittsburgh Area Office, Suite 1112
1000 Liberty Avenue
Pittsburgh, PA 15222
(412) 395-5843
(412) 395-5749 (facsimile)