## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) | |
| **Plaintiff,** ) ) | |
| ) | **Case No. 2:09-cv-01246** |
| **and** ) ) | |
| ) | **Magistrate Judge Amy Reynolds Hay** |
| **VERONICA JALPA and TONYA** ) **CLAYPOOL,** ) | ***ELECTRONICALLY FILED*** |
| ) | |
| **Plaintiffs-Intervenors,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **ADECCO USA, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## CONSENT DECREE

### The Litigation

1.     On September 15, 2009, plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action, alleging that defendant Adecco USA, Inc. ("Adecco" or "Defendant") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, including the Civil Rights Act of 1991 ("Title VII"), by subjecting charging party Veronica Jalpa ("Jalpa") and claimant Tonya Claypool ("Claypool") to harassment because of their sex.

2.     On October 15, 2009, Jalpa and Claypool intervened in the Commission's Title VII action and on October 18, 2009, filed their own complaint.

3.     After engaging in settlement negotiations, the parties have agreed to resolve all claims and issues raised in the EEOC's complaint and in Jalpa's and Claypool's plaintiff-intervenor complaint by entry of this Consent Decree ("Decree"). This

Decree fully and finally resolves any and all issues and claims arising out of the complaint filed by the EEOC.

Findings

4.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record and stipulations of the parties, but without trial or adjudication of any issues of fact or law raised by the EEOC's complaint or the plaintiff-intervenor complaint, the Court finds: (a) it has jurisdiction of the subject matter of this action and of the parties; (b) the terms of this Decree are fair, reasonable, equitable and just, and adequately protect the rights of the EEOC, Adecco, Jalpa, Claypool and the public interest; and (c) this Decree is entered pursuant to the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

Definitions

A.      As used in this Consent Decree, the term "colleague" shall mean any permanent Adecco employee who performs work directly for Adecco.

B.      As used in this Consent Decree, the term "associate" shall mean a temporary employee of Adecco who performs work for Adecco's clients, including but not limited to Pittsburgh Plastics Manufacturing, Inc.

C.      As used in this Consent Decree, the term "client" shall mean any business entity with whom Adecco has a contract or other relationship to provide temporary employees.

2

#### Injunction

5.     Adecco, its officers, agents and employees are enjoined from creating or tolerating the existence of a work environment that is hostile to female associates because of their sex at the place of business of any client serviced by its Butler, Pennsylvania branch.

6.     Adecco, its officers, agents, employees and all others acting in concert with it shall not retaliate against Jalpa, Claypool or any other person for participating in this action, otherwise asserting any rights under Title VII in this proceeding or under this Decree, or opposing any practice made unlawful under Title VII.

7.     This Court hereby orders that neither this Decree, nor the settlement agreements among certain of the parties nor the fact of a settlement are an admission or concession by Adecco of any violation of Title VII.

#### Monetary Relief

8.     Within 20 days after entry of this Decree, Adecco shall pay Jalpa the amount of $7,000.00, inclusive of any attorney's fees payable by Jalpa to her counsel, in one check payable to Jalpa by mailing the check to Jalpa's counsel, Evalynn Welling, Esquire, at her business address by certified mail. Within three business days thereafter, Adecco shall send a photocopy of the check payable to Jalpa and of the certified mail receipt to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's Pittsburgh Area Office.

9.     Within 20 days after entry of this Decree, Adecco shall pay Claypool the amount of $5,000.00, inclusive of attorney's fees payable by Claypool to her counsel, in one check payable to Claypool by mailing the check to Claypool's counsel, Evalynn

3

Welling, Esquire, at her business address by certified mail. Within three business days thereafter, Adecco shall send a photocopy of the check payable to Claypool and of the certified mail receipt to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's Pittsburgh Area Office.

10.     After the calendar year in which payments are made to Jalpa and Claypool, Adecco shall issue to each an IRS Form 1099-Misc for the aforementioned payments constituting non-pecuniary relief and attorney's fees.

#### Modifications to Policies and Procedures to Protect Temporary Workers

11.     Within 30 days after entry of this Decree, Adecco shall ensure that each colleague, supervisor or manager working at or out of its Pittsburgh, Pennsylvania area offices and that each associate assigned to a client out of those offices receives a copy of its anti-harassment and anti-discrimination policy, and that each new associate assigned out of that office thereafter also receives a copy.

12.     Upon receipt or notice of any complaint of sexual harassment by an associate assigned out of Adecco's Butler, Pennsylvania office that arises out of or relates to that associate's assignment with a client, Adecco shall immediately notify that client of the complaint.

13.     At its Butler, Pennsylvania office, Adecco shall exercise its best efforts to monitor investigative and corrective actions taken by its clients in response to notice of a complaint of sexual harassment by an associate and to ensure that actions taken by its clients are consistent with the Title VII rights of associates.

4

## Documentation and Record Retention Practices

14.     Regarding each complaint of sexual harassment during the term of this Decree by an associate assigned out of Adecco's Butler, Pennsylvania office, Adecco shall compile an investigative file which shall include: (a) the name, address, telephone number(s) and job title of the complainant; (b) the date of the complaint; (c) the specific allegations of harassment made; (d) the name(s), addresses, telephone numbers and job titles of alleged harasser(s) and potential witnesses, if possible; (e) the substance of any statements by each alleged harasser and witness who was interviewed concerning the allegations of harassment, if possible; (f) a description of actions taken to investigate the complaint; and (g) a description of Adecco's conclusions regarding the complaint and any corrective action taken. Adecco shall retain for at least the duration of this Decree with the investigative file any other documents created or obtained in relation to a complaint, including but not limited to any affidavits, witness statements, interview notes, summaries and electronic communications.

15.     For the duration of this Decree, Adecco shall retain all personnel and payroll documents for any associate assigned out of its Butler, Pennsylvania office who complains of sexual harassment and for any person accused by such associate of sexual harassment or known to be a relevant witness concerning the events which were the subject of the associate's complaint.

16.     The obligations in paragraphs 14 and 15 do not limit or replace Adecco's obligation to retain records as otherwise required by EEOC regulations, such as 29 C.F.R. § 1602.14.

5

17.     Adecco shall make all documents created or retained pursuant to

paragraphs 14 and 15 available for inspection and copying within 10 days of receiving a

request from the EEOC for such documents.

### Reporting

18.     Adecco shall furnish to the EEOC a written report semiannually for a

period of two (2) years after entry of this Decree. The first report shall be due six months

after entry of the Decree and the final report shall be due 23 months after entry of the

Decree. Each such report shall be comprised of a copy of the investigative file and any

related documents that are the subject of paragraph 14 above and a certification by

Defendant that the Notice, which paragraph 28 requires to be posted, remained posted

during the six-month period preceding the report.

### EEO Training

19.     Adecco shall provide all managers, supervisors, other colleagues and

associates assigned out of its Butler, Pennsylvania office to Pittsburgh Plastics

Manufacturing, Inc. with at least one hour of training regarding its anti-harassment

policy or policies and any related complaint procedures. The training will clearly inform

that Adecco's policy against harassment may be invoked by, and is intended to protect,

workers designated as associates as well as colleagues. This training shall be provided

within 30 days after entry of this Decree, and on the first day of work for all new

employees at the Butler office thereafter, in a language understood by the employees.

20.     Adecco shall retain at its expense a qualified third-party consultant to

provide at least two (2) hours of training on (i) receiving complaints of harassment made

unlawful by Title VII or prohibited by Adecco's anti-harassment policy, (ii) conducting

6

investigations of harassment, and (iii) taking prompt and effective preventive and
corrective action in response to harassment. All personnel at Adecco's Butler,
Pennsylvania office whose job duties include receiving complaints of harassment from
associates, acting as a liaison with associates, conducting harassment investigations
and/or making decisions regarding preventive and corrective action shall be required to
complete such training. This training shall be provided within 60 days of entry of this
Decree, and within 14 days of the start of employment for all new hires in such
positions. Adecco must notify the EEOC in writing at least 20 days before the training as
first provided as to the identity and qualifications of the trainer, the content of such
training (including training manuals and handout materials), method of presentation and
length of training. Adecco shall provide the names and job titles of attendees within one
month after such training is conducted.

21.     Adecco shall ensure that the training required in paragraph 20 shall
address at least the following:

- a.    protecting an employment agency's temporary employees from
        sexual harassment by the agency's clients;

- b.    investigation techniques, including witness identification,
        interviewing and identifying sources of evidence in harassment
        investigations;

- c.    types of preventive and corrective actions that can be taken by an
        employment agency, including but not limited to the circumstance
        of sexual harassment against temporary employees arising out of
        their assignment with a client;

- d.    documenting harassment complaints and investigations, including
        capturing and retaining relevant facts;

- e.    informing clients of complaints of harassment by temporary
        employees arising out of their assignment with a client; and

7

        f.     the issue of monitoring the work environment of clients, as it relates to temporary employees, to assure to the extent possible that temporary employees are protected from harassment.

22.     Adecco may video-record the first training session conducted in accordance with paragraphs 19 through 21 and then present the video for subsequent training required by this Decree, provided an Adecco management official with knowledge of the subject matter of the training is present to monitor the training and answer questions.

23.     Adecco shall certify to the EEOC in writing within 10 business days after the training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a list of attendees, including their names and positions.

24.     Adecco also shall provide the EEOC with a copy of any and all pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

### Dispute Resolution and Compliance Review

25.     This Court shall retain jurisdiction and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

26.     If the Commission believes Adecco has failed to comply with the Decree, it shall notify Adecco in writing of the alleged non-compliance and Adecco shall have 15 days either to correct the alleged non-compliance and so inform EEOC in writing or to deny the alleged non-compliance in writing. If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach. Each party shall bear its own costs, expenses and attorney's fees incurred

in connection with such action. Jurisdiction to resolve any dispute arising under this Decree resides in the U.S. District Court for the Western District of Pennsylvania.

27.   The Commission, its agents and employees shall in their discretion have the legal authority to enter Adecco's Butler, Pennsylvania facility on reasonable prior notice to Adecco and its counsel, and conduct an on-site inspection to ensure compliance with Title VII and the terms of this Decree or any of them. Such inspections may, at the discretion of the Commission, include access to any and all documents relevant to this Decree for the purposes of inspection and duplication; interviews or depositions of any persons; inspection of any area within the facility; and any other investigatory technique or procedure permitted by Title VII or the Commission's regulations. The Commission shall also have the legal authority to require appearance and testimony of Adecco's personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with Title VII and any of the terms of this Decree.  The Commission may at any time move the Court for a hearing to compel Adecco to cooperate in any aspect of this paragraph, if Adecco has failed to cooperate. Neither the Commission's authority under this paragraph nor any other provisions of this Decree shall be construed to limit or impair any other Commission authority under law to conduct investigations of Adecco, including but not limited to investigating charges of discrimination filed under Title VII, the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), Titles I or V of the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act of 2008 ("GINA"), and any statute over which the Commission is given jurisdiction in

9

the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute authorizing directed investigations.

### Posting of Notice

28.   Within five (5) business days following entry of this Decree, Adecco USA, Inc. shall post copies of the Notice, attached hereto as Exhibit A, on the bulletin boards at its Butler, Pennsylvania office usually used by Adecco USA, Inc. for communicating with its employees.   The Notice shall remain posted for two (2) years from the date of entry of this Decree. Adecco USA, Inc. shall take all reasonable steps to ensure that the postings are not altered, defaced or covered by any other material. Adecco USA, Inc. shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted.

### Duration of the Decree and Retention of Jurisdiction

29.   All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two-year period, any disputes under paragraphs 26 to 27 remain unresolved, the term of the Decree shall be extended and the Court will retain jurisdiction of this matter to enforce the Decree by all available means, including but not limited to injunctive relief and monetary and other sanctions, until such time as all such disputes have been resolved.

### Miscellaneous Provisions

30.   Each party to this Decree shall bear its own expenses, attorney's fees and costs.

10

31.     The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Adecco. Adecco shall provide a copy of this Decree to any organization or person that proposes to acquire or merge with it, or any successor of it, prior to any such acquisition or merger becoming effective. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

32.     If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

33.     When this Decree requires a certification by Adecco of any fact(s), such certification shall be made by an officer or management employee of Adecco.

34.     When this Decree requires the submission by Adecco of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Adecco USA, Inc. Title VII Settlement, Equal Employment Opportunity Commission, c/o M. Jean Clickner, Senior Trial Attorney, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA 15222.

**ENTERED AND APPROVED FOR:**

FOR ADECCO USA, INC.:

TERRENCE H. MURPHY
Pa. I.D. No. 36356
BETHANY C. SALVATORE
Pa. I.D. No. 206322
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre, 20th Floor
Pittsburgh, PA  15219-1410
Telephone:   (412) 392-2044
Fax:              (412) 392-2128
E-mail:    terrence.murphy@bipc.com
              bethany.salvatore@bipc.com

*Counsel for Defendant Adecco USA, Inc.*

FOR THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION:

JAMES LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

DEBRA M. LAWRENCE
ACTING REGIONAL ATTORNEY

RONALD L. PHILLIPS
ACTING SUPERVISORY TRIAL ATTORNEY

M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 42738
Equal Employment Opportunity
Commission
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA  15222
Telephone:   (412) 395-5843
Fax:              (412) 395-5749
Email:        jean.clickner@eeoc.gov

ENTER:

The Honorable Judge Amy Reynolds Hay
United States Magistrate Judge

DATE:   May 27, 2010

12

# Exhibit A

## NOTICE TO ALL ADECCO USA, INC. EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Adecco USA, Inc.*, Civil Action No. 09-1246 (W.D. PA), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Adecco USA, Inc. pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended.

Under Title VII, it is an unlawful employment practice for an employer to discriminate against any individual because of such individual's race, color, religion, sex, or national origin. Sexual harassment is a form of sex discrimination under Title VII. It is also unlawful under Title VII to retaliate in any manner against any person because of his or her opposition to any practice declared unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under Title VII.

Adecco USA, Inc. will provide training to employees regarding the statutory protections against sexual harassment and retaliation, as apply to its colleagues and associates, and about its policies regarding such.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (215) 440-2600. The EEOC charges no fees and has a TTD number.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Adecco USA, Inc. Title VII Settlement, Equal Employment Opportunity Commission, c/o M. Jean Clickner, Senior Trial Attorney, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA 15222.**

May 14, 2010
Date

For: Adecco USA, Inc.